```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        JACKSON DIVISION
```

UNITED STATES OF AMERICA

VS.                                    CIVIL ACTION NO. 3:04CR110LN

ANTONIO D. FISHER


<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the court on the motion of defendant Antonio D. Fisher for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

On September 7, 2004, defendant was found guilty of possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1). On February 8, 2005, with a base level of 32 and a criminal history category IV, 168 to 210 months, the court sentenced defendant to 168 months' imprisonment, with five years of supervised release. The defendant's conviction was affirmed on June 9, 2006.

On May 21, 2008, the Federal Public Defender, citing the recent amendments to the sentencing guidelines concerning cocaine base, filed a motion for relief pursuant to § 3582. By the motion, defendant seeks a two-level reduction in his base offense level and to be resentenced to a term of 135 months.[1] The government opposes the motion, and the court, for the reasons which follow, concludes

---

[1] On June 16, 2008, defendant filed a <u>pro se</u> motion for relief pursuant to § 3582.

that the motion should be denied.

Section 3582(c)(2) of Title 18, provides:

The court may not modify a term of imprisonment once it
has been imposed except that-
. . .
in the case of a defendant who has been sentenced to a
term of imprisonment based on a sentencing range that has
subsequently been lowered by the Sentencing Commission
pursuant to 28 U.S.C. 994(o), upon motion of the
defendant or the Director of the Bureau of Prisons, or on
its own motion, the court may reduce the term of
imprisonment, after considering the factors set forth in
section 3553(a) to the extent that they are applicable,
if such a reduction is consistent with applicable policy
statements issued by the Sentencing Commission.

Section 1B1.10 is the applicable policy statement.  U.S.S.G. § 1B1.10.[2]  Amendment 706, as amended by 711, which alters the base

---

[2]

Section 1B.10 provides, in pertinent part:
(a)(1) In General.--In a case in which a defendant is
serving a term of imprisonment, and the guideline range
applicable to that defendant has subsequently been
lowered as a result of an amendment to the Guidelines
Manual listed in subsection (c) below, the court may
reduce the defendant's term of imprisonment as provided
by 18 U.S.C. 3582(c)(2).  As required by 18 U.S.C.
3582(c)(2), any such reduction in the defendant's term of
imprisonment shall be consistent with this policy
statement.

(b)(1) In determining whether, and to what extent, a
reduction in the defendant's term of imprisonment under
18 U.S.C. 3582(c)(2) and this policy statement is
warranted, the court shall determine the amended
guideline range that would have been applicable to the
defendant if the amendment(s) to the guidelines listed in
subsection (c) had been in effect at the time the
defendant was sentenced.  In making such determination,
the court shall substitute only the amendments listed in
subsection (c) for the corresponding guideline provisions
that were applied when the defendant was sentenced and
shall leave all other guideline application decisions

offense level of crimes involving cocaine base, has been given retroactive effect.

The decision to modify a term of imprisonment under 3582(c)(2) is within the court's discretion. United States v. Mueller, 168 F.3d 186, 188 (5th Cir. 1999). In exercising its discretion, the court must "consider the sentence it would have originally imposed had the guidelines, as amended, been in effect at the time." United States v. Whitebird, 55 F.3d 1007, 1009 (5th Cir. 1995); U.S.S.G. § 1B1.10(b). Here, had the amended guidelines been in place on the date that Fisher was sentenced, his base offense level would have been 30. With a Criminal History Category IV, Fisher's sentencing range would have been 135 to 168 months.

As indicated above, in ruling on a motion brought pursuant to § 3582(c)(2), the court must also consider the factors set forth in § 3553(a). Specifically, the court is to consider:

> the nature and the circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense and to protect the public from further crimes of the defendant; the kinds of sentences available; any pertinent Guidelines policy statement; and the need to avoid unwarranted sentencing disparities among defendants with similar records found guilty of similar conduct.

---

unaffected.

(c) Covered Amendments.--Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, and 706 as amended by 711.

Id. (citing 18 U.S.C. § 3553(a)).  Additionally, the court is to evaluate "the nature and seriousness of the danger to any person or the community that may be imposed by a reduction in the defendant's term of imprisonment" and the defendant's post-sentencing conduct. U.S.S.G. § 1B1.10 cmt. 1(B)(ii) & (iii).

Here, the record shows that in the two years he has been in the custody of the Bureau of Prisons, Fisher has been sanctioned numerous times for a variety of disciplinary infractions, including smoking marijuana, being absent from his work assignment, and leaving work without permission.  In light of Fisher's inability to comport himself in the regimented environment provided by the BOP and his criminal history, the court finds that his current sentence should not be reduced and therefore, that his motion should be denied.

Based on the forgoing, it is ordered that defendant's motion for reduction of sentence (docket entry no. 56) is denied. Fisher's pro se filing (docket entry no. 58) is denied as moot.

SO ORDERED, this the 7th day of July, 2008.


                    /s/ Tom S. Lee _____
                    UNITED STATES DISTRICT JUDGE